Bradley L. Booke #2662
LAW OFFICE OF BRADLEY L. BOOKE
10161 Park Run Drive #150
Las Vegas, Nevada 89145
702-241-1631
866-297-4863 Fax
brad.booke@lawbooke.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LEVY PRODUCTION GROUP,LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>-vs-<br><br>R&R PARTNERS, INC., a Nevada corporation; FARRA FOXDOG PRODUCTIONS, LLC; ROE CORPORATIONS 1-10; JOHN DOES 11-20,<br><br>Defendants. | Case 2:22-cv-01261-JAD-DJA<br><br><br><br>**MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c) AND FOR ATTORNEY'S FEES** |

Plaintiff, through counsel, pursuant to 28 U.S.C. § 1447(c), respectfully moves the Court for its order remanding this action to state court on the grounds that this Court lacks subject matter jurisdiction because there is no federal question presented.[1]  No copyright claims are asserted in the Complaint (Doc. 1, at 12-21).  No copyrighted material is referenced in the Complaint (Doc. 1, at 22-74).  No copyright registrations are at issue in this action.  (Doc. 8).  Plaintiff's Complaint asserts only Nevada statutory and common law claims  (Doc. 1, at 12-21) and both Defendants' answers affirmatively allege that the video magazine that is the subject of Plaintiff's complaint (Doc. 1, at 13-14, ¶¶ 6-8, 11-12) contains only material to which copyright laws do not attach.  (Doc. 1, at 86:4-23, 87:1-17, 97:23-98:17, 98:22-99:14).  Accordingly, there is no basis for federal subject matter jurisdiction, preemption, or removal.  Pursuant to § 1447(c), Plaintiff respectfully seeks its attorney's fees resulting from Defendant's unwarranted petition for removal.

---

[1]  Defendants' answers admit that all parties are citizens of Nevada, so diversity jurisdiction does not lie.

<u>LAW APPLICABLE TO THIS MOTION</u>

The next section discusses applicable principles of removal jurisdiction, preemption, and copyright law.  The following section specifically discusses preemption and removal in cases (as here) involving state law claims for misappropriation of trade secrets, wrongful taking of intellectual property, and breach of contract in the intellectual property context.

A.  <u>Federal-Question Removal, Preemption, and Copyright Law</u>

As courts of limited jurisdiction, federal courts have subject matter jurisdiction only over matters authorized by Congress and the Constitution.  *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994).  Accordingly, a state court action may be removed to federal court only if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).

The burden of establishing federal jurisdiction is on the party seeking removal.  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).  There is a strong presumption against removal. *Wiltz v. Wiltz*, Case No. 2:21-cv-00569-JAD-DJA (D. Nev. 2021) citing *Gaus,* at 566.  The removal statute is strictly construed against removal jurisdiction.  *Prize Frize, Inc. v. Matrix (U.S.) Inc*., 167 F.3d 1261, 1265 (9th Cir. 1999).

A petition for removal asserting federal-question jurisdiction is determined under the "well-pleaded complaint" rule,  *Hansen v. Grp. Health Coop*., 902 F.3d 1051, 1057 (9th Cir. 2018), which provides that removal is proper only when a federal question is presented on the face of a properly pleaded complaint.  *California ex rel. Lockyer v. Dynegy, Inc*., 375 F.3d 831, 838 (9th Cir. 2003) (quoting *Caterpillar v. Williams, 482 U.S. 386, 392*).  The federal issue "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."  Id. (quoting *Gully v. First Nat. Bank*, 299 U.S. 109 (1936) (the federal question cannot be "merely a possible or conjectural one")).

These principles underlie the foundational proposition that a plaintiff is the master of her complaint.  A federal question must appear on the face of the complaint because a "plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar*, 482 U.S. at 399 (1987).

The only exception to the well-pleaded complaint rule is the "complete preemption" doctrine, which applies when Congress has so completely legislated in a particular area that any claim asserted in a complaint is necessarily federal. *Moore-Thomas v. Alaska Airlines, Inc*., 553 F.3d 1241, 1243-1244 (9th Cir. 2009). Complete preemption is very rare. *Hansen*, 902 F.3d at 1057. The United States Supreme Court has found complete preemption in only three areas: cases brought under the federal National Bank Act, the Labor Management Relations Act, and the Employee Retirement Income Security Act. *City of Oakland v. BP PLC*, 969 F.3d 895, 905 (9th Cir. 2020).

Where, as here, a well-pleaded complaint does <u>not</u> allege a federal question on its face, preemption can be asserted only if a complaint alleges a substantial, "embedded" question of federal law. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). Preemption based on an embedded federal question exists only where the federal question is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn v. Minton*, 568 U.S. 251, 258 (2013).[2]

A party asserting preemption bears the burden of proving that state law claims are preempted. *Kanne v. Connecticut Gen. Life Ins. Co*. 867 F.2d 489, 492 (9th Cir. 1988). A strong presumption against preemption exists in cases involving subject matters where state law is historically controlling. *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co*., 415 U.S. 645, 655 (1995). Even federal statutes with express preemption clauses (such as the Copyright Act) are subject to the presumption against preemption. *Bates v. Dow Agrisciences, LLC*, 544 U.S. 431, 449 (2005).

The assertion of a <u>defense</u> based on federal law is insufficient to raise an embedded federal question. *Robertson v. Big Blue Healthcare, Inc*., 523 F. Supp. 3d 1271, (D. Kan. 2020) ("To be certain, Defendants intend to assert the PREP Act as a defense to Plaintiff's claim. But that is not enough."); *Dupervil v. Alliance Health Operations, LLC*, 516 F. Supp. 3d 238 (E.D.N.Y.

---

[2]  State courts have full authority to apply and enforce federal law in cases where both state and federal law have application. *Howlett v. Rose*, 496 U.S. 356, 367 (1990).

2021) ("[T]his only shows that Defendants may have an affirmative defense to Plaintiff's claims, not that Plaintiff's claims are affirmatively premised on, or on their face necessarily require resolution of, the PREP Act.").  A complaint alleging state law claims for misappropriation of trade secrets that does not expressly allege federal law claims does not raise a federal question jurisdiction even if the complaint refers to federal law in its text.[3]  *L.A.M.B. v. Oxford Mgmt. & Tech. Co. v. Rutkowski*, Case No. 18-cv-02522 (N.D. Cal. 2018).

Summarizing these principles, (1) the burden of proving federal question jurisdiction is on the party asserting removal; (2) there is a strong presumption against removal; (3) the burden of proving preemption is on the party asserting preemption; (4) there is a strong presumption against preemption in cases involving subject matters where state law is historically controlling; and (5) a removed action must be remanded to state court under 28 U.S.C. § 1447(c) if the federal court lacks subject matter jurisdiction.

A fundamental tenet of copyright law is that copyright concerns only the expression of ideas, and not the ideas themselves.  *Bikram's Yoga Coll. of India, L.P. v. Evolation Yoga, LLC*, 803 F.3d 1032, 1358 (9th Cir. 2015).  For that reason, copyright attaches only to the protectable aspects of a work and not to an entire work, unless the entire work is comprised of protectable material.  *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006).  The protectable aspects under copyright law include only the author's specific rendering of her ideas.  *Metcalf v. Bochco*, 294 F.3d 1069, 1074 (9th Cir. 2002).  In addition, works with a utilitarian function cannot be copyrighted.  17 U.S.C. § 101; *Fabrica Inc. v. El Dorado Corp.*, 697 F.2d 890, 893 (9th Cir. 1983) (explaining that Congress did not intend to extend copyright law to "aesthetically satisfying and valuable" utilitarian products).

For example, scenes-a-faire, which is how both Defendants' answers characterize Plaintiff's video magazine,[4] are not subjects of copyright law.  Id.  Courts carefully exclude non-protectable material from copyright consideration.  *Cavalier v. Random House*, 297 F.3d 815, 822 (9th Cir. 2002) (quoting *Williams v. Crichton*, 84 F.3d 581, 588  ("We must take care to

---

[3]  The instant Complaint does not reference federal law in the text.
[4]  Doc. 1, at 87:13-17 and 99:10-14.

inquire only whether 'the protectable elements, standing alone, are substantially similar.'  In so doing, we "filter out and disregard the non-protectable elements in making [our] substantial similarity determination.")

B. <u>Preemption in Cases Asserting State Law Claims Involving Trade Secrets, Taking of Intellectual Property, and Breach of Contract</u>

The Complaint herein neither asserts nor references copyright claims or copyrighted materials, so Defendant's petition for removal argues that removal is proper because the claims asserted are the "equivalent" of copyright claims.  (Doc. 6, at 7-12).

The Ninth Circuit employs a two-part "extra element" test to determine whether state law claims are the "equivalent" of claims under the Copyright Act.  The test is whether (1) the work on which the state law claim is based raises copyright subject matter; <u>and</u> (2) the state law claim protects rights that are qualitatively equivalent to those protected by copyright.  *Del Madera Properties v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987).  When a state law cause of action presents extra elements beyond the elements of a copyright infringement claim, it is not "equivalent" and there is no preemption because the extra element changes the nature of the action.  *Valente-Kritzer Video v. Pinckney*, 881 F.2d 772, 776 (9th Cir. 1989).

In determining equivalency in cases analogous to the case at bar, courts find no preemption when the elements of a state law claim differ from the elements of a copyright claim.  *Groubert v. Spyglass Entm't Group, LP*, 2002 U.S. Dist. Lexis 17769 (C.D. Cal. 2002).  In *Groubert,* as here, the plaintiff pitched a story idea and presented copies of written treatments to movie companies.  Implicit in the pitch was an agreement that if a motion picture based on the idea was produced, compensation would be paid.  A movie was made but payment was not.  Plaintiff's complaint alleged *inter alia* that the movie idea was shared in confidence, but the movie company breached the confidence.

Defendant moved to dismiss, arguing that the plaintiff's claims were preempted by the Copyright Act because they were equivalent to copyright claims.  The district court denied the

motion, finding that the causes of action asserted by the plaintiff vindicated rights that were not "equivalent" to those created by the Copyright Act.[5]

To evaluate equivalency, the district court specifically compared and contrasted the rights protected by the Copyright Act with the rights protected by the state law causes of action alleged. In order to determine whether the breach of implied contract claim is preempted, the Court looked to the rights actually created by the alleged contract and determined whether those rights differ from the protections under copyright law. *Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1190 (C.D. Cal. 2001), aff'd 90 Fed. Appx. 496 (2003). Based on that side-by-side comparison, the court found no preemption.

To the same effect and using the same analysis, see *Berkla v. Corel Corp.*, 66 F. Supp. 2d 1129, 1149-50 (E.D. Cal. 1999) (holding that a non-disclosure agreement, which granted additional rights beyond copyright protection, was not preempted by the Copyright Act); *Lennon v. Seaman*, 63 F. Supp. 2d 428, 437 (S.D.N.Y. 1999) (claim not preempted because it involves rights that are not the equivalent of those under copyright law and noting that the greater weight of authority is that contract claims are not preempted by the Copyright Act); *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 456 (6th Cir. 2001) (finding that an implied contract contained an extra element of a promise to pay); *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1453-55 (7th Cir. 1996) (state law breach of contract claim based on shrinkwrap license was not preempted and noting that "a simple two-party contract is not" equivalent to the exclusive rights created by copyright law); *Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 433 (8th Cir. 1993) (breach of contract claim not preempted because agreement between the parties created a restriction relating to the processing of data to third parties that would not otherwise exist); *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir. 1990) (affirming district court's holding that enforcement of contract was not preempted because the rights created under the contract were not equivalent to the exclusive rights under the copyright laws); *Acorn Structures, Inc. v. Swantz*, 846 F.2d 923, 926 (4th Cir. 1988) (reversing district court's holding

---

[5]   The district court reached this conclusion even though the plaintiff had also asserted claims under the Copyright Act. *A fortiori*, no "equivalency" would be found where no copyright claims are asserted.

that breach of contract claim was preempted); *Katz Dochrermann & Epstein, Inc. v. Home Box Office*, 1999 U.S. Dist. LEXIS 3971 (S.D.N.Y. 1999) (implied-in-fact contract claim was not preempted because the claim sought to enforce a promise to pay for use of plaintiff's ideas, regardless of any subsequent rights plaintiff may have the Copyright Act); *Architectronics, Inc. v. Control Syst. Inc.*, 935 F. Supp. 425, 438-41 (S.D.N.Y. 1996) (contract claim not preempted because the contract claim contained the extra element of a promise by the defendant); *Brignoli v. Balch Hardy and Scheinman, Inc.*, 645 F. Supp. 1201, 1204-06 (S.D.N.Y. 1986) (breach of contract claims, including a breach of confidentiality agreement, were not preempted because they involved "extra elements").

Comparing the elements and protections of the Nevada Trade Secrets Act (N.R.S. § 600A.010, et seq.) with the Copyright Act:

| Copyright Act: | Nevada Trade Secrets Act protects: |
|---|---|
| Protects only the specific expression of non-functional, non-utilitarian ideas, not the ideas themselves (See *Bikram's Yoga*, supra) | Protects information, including a formula, pattern, compilation, program, device, method, technique, product, system, process, design, prototype, procedure, computer programming instruction or code |
| Confers to owners the right to reproduce the copyrighted work in copies or phonorecords | Protectable information must derive independent economic value from not being generally known to and readily ascertainable by proper means by the public or by any other persons who can obtain commercial or economic value from its disclosure or use |
| Confers to owners the right to prepare derivative works based upon the copyrighted work | Owners must make reasonable efforts under the circumstances to maintain secrecy |
| Confers to owners the right to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending | Owners are protected from:<br>• Acquisition by improper means<br>• Acquisition by another who is aware of the initial acquisition by improper means<br>• Disclosure without express or implied consent |

In the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural
works, including the individual images of a motion picture or other audiovisual work, confers to owners the right to display the copyrighted work publicly

In the case of sound recordings, confers to owners the right to perform the copyrighted work publicly by means of a digital audio transmission

Plaintiff's Complaint asserts additional state law causes of action: breach of contract (non-disclosure agreement); conversion of intellectual property; and unjust enrichment.

The elements of breach of contract under Nevada law are (1) formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and (4) damages. *Richardson v. Jones*, 1 Nev. 405 (Nev. 1865).

The elements of conversion under Nevada law are (1) wrongful exercise of dominion over the personal property of another, (2) in denial of or inconsistent with the title or rights of the owner, or (3) in derogation, exclusion, or defiance of the rights of the owner. *Edwards v. Emperor's Garden Rest.,* 130 P.3d 1280, 1287 (Nev. 2006). Liability for conversion is not excused by care, good faith, or lack of knowledge. *Evans v. Dean Witter Reynolds, Inc.,* 5 P.3d 1043, 1048 (Nev. 2000).

The elements of unjust enrichment under Nevada law are (1) a benefit conferred on the defendant by the plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance and retention by the defendant of such benefit. *Unionamerica Mtg. v. McDonald*, 626 P.2d 1272 (Nev. 1981).

<u>ANALYSIS</u>

1. <u>The Complaint Alleges Only State Law Claims.</u>

It is incontrovertible that the Complaint asserts four state law claims---one statutory and three common law claims---and no more. No copyright claims are alleged. (Doc. 1, at 12-21). No copyrighted material is referenced. (Doc. 1, at 22-74). No copyright registrations are at issue.

(Doc. 1, at 12-74; Doc. 8).  Notably, both Defendants' answers affirmatively allege that the video magazine that is the subject of Plaintiff's complaint[6] contains only material to which copyright protections do not attach.  (Doc. 1, at 86:4-23, 87:1-17, 97:23-98:17, 98:22-99:14).

Under the controlling "well-pleaded complaint" rule, removal is proper only when a federal question is presented on the face of the complaint.  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2003) (quoting *Caterpillar v. Williams*, 482 U.S. 386, 392).  Neither Defendants' answers nor by Defendant R&R's petition for removal can supply any basis for complete preemption.  Id.  Defendant's petition for removal does not contend that Plaintiff's Complaint is deficient or not "well-pleaded" in any respect.

Plaintiff is fully empowered to be the master of its own complaint and is fully entitled  to "eschew[] claims based on federal law, [and] choose to have the cause heard in state court."  *Caterpillar*, 482 U.S. 386, 399 (1987).  Plaintiff has properly done so---on the face of its Complaint (Doc. 1, at 12-21)---clearly and purposefully confining its causes of action to state statutory and common law claims.

2.  <u>There Is No "Complete Preemption Of Plaintiff's State Law Claims."</u>

The only exception to the well-pleaded complaint rule is the "complete preemption" doctrine, where Congress has so completely legislated in a particular area that any claim asserted is necessarily federal.  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243-1244 (9th Cir. 2009).  However, complete preemption is very rare,  *Hansen*, 902 F.3d 1051, 1057, and the Copyright Act has never been found to completely preempt state law claims.  *City of Oakland v. BP PLC*, 969 F.3d 895, 905 (9th Cir. 2020).  The many cases (cited above) that discuss preemption by the Copyright Act---a few finding preemption but most finding none---make it abundantly clear that the Act does not completely preempt state law claims.

Here, as a matter of law, there is no "complete preemption" of Plaintiff's state law claims by the Copyright Act because Congress has not legislated in any way that suggests that state law breach of contract, conversion, or trade secret claims are necessarily federalized when creative

---

[6]  The video series that was created and proposed by Plaintiff is described in Doc. 1, at 13-14, ¶¶ 6-8, 11-12 and depicted in Doc. 1, at 22-74).

personal or intellectual property is at issue.  The Complaint on its face alleges no causes of action under the Copyright Act (Doc. 1, at 12-21).  Defendant's petition for removal cites no legal authority for the contention that the Copyright Act completely preempts state law claims---and there is none.  Accordingly, there is no basis for assertion of complete preemption.

3.   There Is No "Embedded" Federal Question In Plaintiff's State Law Claims.

Preemption based on an embedded federal question exists only where the federal question is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance,  *Gunn v. Minton*, 568 U.S. 251, 258 (2013), and recognizing that state courts are fully empowered to apply federal law in cases where state law claims may implicate federal law.   *Howlett v. Rose*, 496 U.S. 356, 367 (1990).  A defense based on federal law, however, is insufficient to raise an embedded federal question. *Robertson v. Big Blue Healthcare, Inc.*, 523 F. Supp. 3d 1271, (D. Kan. 2020) ("To be certain, Defendants intend to assert the PREP Act as a defense to Plaintiff's claim. But that is not enough.");  *Dupervil v. Alliance Health Operations, LLC*, 516 F. Supp. 3d 238 (E.D.N.Y. 2021) ("[T]his only shows that Defendants may have an affirmative defense to Plaintiff's claims, not that Plaintiff's claims are affirmatively premised on, or on their face necessarily require resolution of, the PREP Act.").  Analysis of these factors demonstrates that there is no federal question embedded in Plaintiff's Complaint.  (Doc. 1, at 12-74).

On its face, Plaintiff's Complaint does not raise federal questions at all, and certainly does not "necessarily" do so.  Each and all of Plaintiff's causes of action are well recognized and have long existed fully within the realm of state law.   None of Plaintiff's causes of action are "affirmatively premised" on federal law nor do any of Plaintiff's causes of action "necessarily require resolution of" any federal law questions.

Plaintiff's Complaint does not raise any element of federal law that is "actually disputed." It is noteworthy that, in many of the cases cited in Section B. above in which no preemption was found, the plaintiffs had made copyright claims in addition to state law claims.  *A fortiori*, here, where no copyright claim has been made and no copyright question requires resolution, there is nothing under the Copyright Act that is "actually disputed.

The only way that discussion of copyright even comes into this case is via the *verbatim* identical affirmative defenses asserted in Defendants' answers.  (Doc. 1, at 86:24-87:17 and 98:19-99:14).  As a matter of law, however, a defense based on federal law is insufficient to raise an embedded federal question.  *Robertson v. Big Blue Healthcare, Inc.*, 523 F. Supp. 3d 1271, (D. Kan. 2020); *Dupervil v. Alliance Health Operations, LLC*, 516 F. Supp. 3d 238 (E.D.N.Y. 2021).  For that reason and because Plaintiff can fully recover its damages based on the state law claims alleged without regard to the remedies provided by the Copyright Act, copyright is certainly not a "substantial" factor in Plaintiff's claims, if it is any factor at all.

It makes little practical sense and unnecessarily drains federal resources to call on a federal court to resolve causes of action that arise from entirely state law claims.  The day-to-day business of state courts is to consider state statutory and common law claims and to apply state statutory and common law to disputes between Nevada citizens.  That is neither the business nor the constitutional duty of the federal courts.  For those reasons, and although this court is certainly capable of litigating this case, a state court is more logically situated to consider the claims presented by Plaintiff's Complaint.  That is particularly true if open questions of Nevada law arise, which is not an unlikely development.

Federal case law requires that all four elements must be present in order for a federal question to be deemed "embedded" in a complaint that alleges only state law claims.  Here, none of the four elements are present.  There is no embedded federal question in Plaintiff's Complaint.

4.   The State Law Claims Asserted in Plaintiff's Complaint Are Not "Equivalent" To Copyright Claims.

The test to determine whether a state law claim is equivalent to a copyright claim is whether (1) the work on which the state law claim is based raises copyright subject matter; and (2) the state law claim protects rights that are qualitatively equivalent to those protected by copyright.  *Del Madera Properties v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987).  State law claims that present extra elements beyond those in a copyright infringement claim are not equivalent because the extra elements change the nature of the claims.  *Valente-Kritzer Video v. Pinckney*, 881 F.2d 772, 776 (9th Cir. 1989).

Comparing the four state law claims with copyright protection demonstrates obvious differences.  For example, the Nevada Trade Secrets statute provides protection to a much broader category of intellectual property interests than does the Copyright Act---and the Copyright Act expressly excludes protection for some intellectual properties that are protected by the Nevada Trade Secrets Act.  Those differences are directly relevant to the claims asserted in Plaintiff's Complaint.

Specifically, whereas the Copyright Act narrowly protects only the specific expression of an idea, the Trade Secrets Act broadly protects "information" and "compilations" of any form of intellectual property that has "independent economic value."  That distinction is critically important here because Defendants have not simply taken one specific expression of an idea that was created by Plaintiff---such as one completed episode of "What's Up Vegas" or "Vegas On." Instead, Defendants have taken all of the "information" developed by Plaintiff, and the images and concepts comprising the "video magazine" that Plaintiff created and described in the treatments that were presented to Defendant R&R.  Defendants have realized a handsome economic benefit from that entire "compilation" of "information."  Whereas a single completed episode of "What's Up Vegas" is a specific expression protectable under copyright law---the Trade Secrets Act far more broadly protects the "information" and "compilation" that comprise the "video magazine" in the treatments that Plaintiff presented to Defendant R&R.  The Trade Secrets Act, therefore, protects different and broader interests than does the Copyright Act. Protection of "information" and "compilations" are "extra elements" not protected by copyright.

In addition, whereas the Copyright Act excludes protection for functional items, the Trade Secrets Act protects "methods" and "techniques" for achieving utilitarian actions.  The video magazine developed by Plaintiff was developed to be streamed to viewers on the Las Vegas Convention and Visitors Authority website, which requires substantial technological expertise in "methods" and "techniques" for establishing and maintaining online functionality.  The Copyright Act expressly excludes protection for such functional and utilitarian items, whereas the Trade Secrets Act protects those "methods" and "techniques."  Protection of "methods" and techniques are "extra elements" not protected by copyright.

The Trade Secrets Act provides broader protection than does the Copyright Act in additional respects.   The Trade Secrets Act prohibits improper acquisition of protected information even without distribution or use, whereas the Copyright Act limits its protection to reproduction, creation of derivative works, and display of protected works.   The Trade Secrets Act prohibits all disclosure of protected information, whereas the Copyright Act only protects against commercial use of protected works.   These, too, are extra elements and may represent Trade Secret statutory violations that explain how Defendant Farra Foxdog acquired Plaintiff's property.

Beyond this, the numerous cases cited in Section B above hold that a state law cause of action for breach of contract---particularly, as here, breach of a confidentiality/non-disclosure agreement---protects different interests and presents an "extra element" from the interests protected by the Copyright Act.   The analysis of those many cases need not be repeated.

Likewise, a state law claim for conversion presents an "extra element" because it allows money damages for the taking of another's property, wholly apart from whether the thief reproduces the property, makes derivative works of the property, or makes any commercial use of the property.   The Copyright Act provides no remedy unless and until an infringer makes use of a protected work.   A state law conversion claim does.

In sum, the state law claims alleged by Plaintiff provide protection for Plaintiff and create remedies for Plaintiff different from and well beyond the protection provided under the Copyright Act.   Each of the causes of action alleged by Plaintiff contain "extra elements" not found in the Copyright Act.   For these reasons, the state law claims asserted by Plaintiff are not the "equivalent" of a claim under the copyright laws.

5.   The Strong Presumption Against Removal And The Strong Presumption Against Preemption Compel Remand.

Defendant's petition does not, and Defendant cannot overcome the strong presumptions against removal and preemption.   As a matter of law, Defendant cannot show "complete preemption" of Plaintiff's claims.   At the very most, Defendant can prove only a single part of only one of the four elements that it must show to prove that Plaintiff's Complaint contains an

"embedded" federal question.[7]  Objectively viewed, the state laws claims asserted by Plaintiff provide greater protection, protect a broader range of interests, and involve different elements than do the limited protections and remedies of the Copyright Act.

Because of the strong presumptions against removal and preemption, these issues are not considered on a level playing field.  Even if they were, the facts are such that Defendant cannot meet its burden of proof on either removal or preemption.

<u>CONCLUSION</u>

For the reasons shown, this Court lacks subject matter jurisdiction because there is no federal question presented.  No copyright claims are asserted in the Complaint; no copyrighted material is referenced in the Complaint; and no copyright registrations are at issue in this action. Plaintiff's Complaint asserts only Nevada statutory and common law claims and there are no embedded federal questions in those claims.  Plaintiff's state law claims are not the equivalent of copyright claims because they assert broader claims and seek broader protection than is afforded by the Copyright Act.  Accordingly, there is no basis for federal subject matter jurisdiction, preemption, or removal.  Plaintiff respectfully that this action be remanded to state court and that Plaintiff be awarded its attorney's fees resulting from Defendant's unwarranted petition for removal.

Respectfully submitted this 3rd day of September, 2022.


 /s/ Bradley L. Booke
Bradley L. Booke #2662
10161 Park Run Drive #150
Las Vegas, Nevada 89145
702-241-1631
866-297-4863 Fax
brad.booke@lawbooke.com
Attorney for Levy Production Group

---

[7]  Plaintiff agrees that this Court is certainly able to adjudicate this case, but that capability does not overcome the common-sense reality that state courts are fully devoted to adjudicated of state law claims like those asserted in this action.

-14-

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September, 2022, I served the foregoing pleading pursuant to FRCP 5(b) via the Court's electronic filing system to:

Colleen E. McCarty                              David Aronoff
Nevada Bar No. 13186                         daronoff@foxrothschild.com
cmccarty@foxrothschild.com             FOX ROTHSCHILD LLP
FOX ROTHSCHILD LLP                     10250 Constellation Blvd., Suite 900
1980 Festival Plaza Drive, Suite 700     Los Angeles, CA 90067
Las Vegas, Nevada 89135                     Telephone: (310) 598-4150
Telephone: (702) 262-6899                   Facsimile: (310) 556-9828
Facsimile: (702) 597-5503
Attorneys for Defendant
R&R PARTNERS, INC.

Marc A. Saggese, Esq.
Mark J. Willoughby, Esq.
SAGGESE & ASSOCIATES, LTD.
732 S. Sixth Street, Suite 201
Las Vegas, Nevada 89101
Marc@MaxLawNV.com
MarkW@MaxLawNV.com
Attorneys for Defendant
Farra Foxdog Productions, LLC


                                                    /s/ Bradley L. Booke

-15-